UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60771-CIV-MARRA

THELMA WHITE,

    Plaintiff,

vs.

INGER GARCIA and
LEGAL SEARCH SOLUTIONS, INC.,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendant's, Inger Garcia ("Garcia"), Motion to Dismiss (DE 31). Plaintiff Thelma White ("Plaintiff") filed a response (DE 34). The Court has carefully considered the briefs and is fully advised in the premises.

**Background**

The complaint filed by Plaintiff in this case alleges that Defendant Garcia, along with Defendant Legal Search Solutions, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (DE 1). Plaintiff alleges that she worked for the Defendants as a paralegal, and they failed to compensate her for overtime and regular hours that she worked. *Id.*

**Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

**Discussion**

Garcia's motion asserts that Plaintiff has failed to state a cause of action for which relief can be granted, that the Court lacks subject matter and personal jurisdiction in this matter, that the action is a fraud on the court and "a form of harassment" against her, and that Plaintiff has failed to include indispensable parties in the lawsuit (DE 31). In response, Plaintiff contends that the motion to dismiss is actually a "legally deficient Motion for Summary Judgment" (DE 34).

In her motion, Garcia does not contend that the allegations in the complaint are insufficient, but rather she argues the merits of the case. The Court, at this stage of the proceeding, must accept the assertions in the complaint as true as the Court cannot look past the four corners of the complaint to determine whether the FLSA applies to this case. *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)("The scope of the review must be limited to the four corners of the complaint.") The Court concludes that the motion to dismiss contains arguments that are premature at this juncture.

Garcia also argues that Plaintiff failed to join indispensable parties. Pursuant to Federal Rule of Civil Procedure 12(b)(7), courts may dismiss suits where plaintiffs fail to join

indispensable parties.  In order to determine whether an action should be dismissed for failure to join an indispensable party, courts must apply the criteria set forth in Federal Rule of Civil Procedure 19.  *See Challenge Homes, Inc., v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir.1982).  Moreover, the burden is on the moving party to establish that parties are indispensable to the action.  *Ship Constr. & Funding Servs. (USA), Inc. v. Star Cruises PLC*, 174 F.Supp.2d 1320, 1325 (S.D. Fla. 2011).  Garcia simply states in her motion that "Plaintiff failed to include indispensable the [sic] parties under Rule 19; specifically the subsequent employer AFS and the law firm of Garcia, Ivy & Miller, P.A., in her complaint" (DE 31).  Defendant Garcia clearly failed to establish that these two parties are indispensable as she provides no explanation whatsoever for her contention.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 31) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 6th day of March, 2012.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record